# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JULIO A. ATILES-GABRIEL**,

      Petitioner,

      v.

**COMMONWEALTH OF PUERTO RICO**,       Civil No. 15-2108 (BJM)

*et al.*,

      Respondents.

## OPINION AND ORDER

Petitioner Julio A. Atiles-Gabriel ("Atiles") filed for a writ of habeas corpus under 28 U.S.C. § 2254 on August 17, 2015 following his state-court convictions of first degree murder, 33 L.P.R.A. § 4002; auto theft, 33 L.P.R.A. § 4279(b); possessing a firearm without a license, 25 L.P.R.A. § 416; and bearing or using a weapon without a license, 25 L.P.R.A. § 418. *See* Dkt. 2. Atiles claims ineffective assistance of trial counsel and constitutional violations resulted in his convictions and requests a new trial. *See* Dkt. 59 at 2, 31. Respondents, the Commonwealth of Puerto Rico, Warden Edward Garcia-Soto of the Puerto Rico Department of Corrections and Rehabilitation, and Attorney General Cesar Miranda, moved for summary judgment. *See* Dkt. 97. Respondents argue that Atiles is time-barred from seeking habeas relief, has not exhausted his state court remedies, has procedurally defaulted on his claims, and is precluded from filing this writ by res judicata. *Id.* Atiles opposed the motion. Dkt. 113. Respondents replied. Dkt. 116. This case is before me on consent of the parties. Docket No. 89.

Because Respondents have demonstrated that there is no genuine dispute of material fact as to Petitioner's failure to exhaust his state remedies, the motion for summary judgment is **GRANTED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record materials "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, it must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

## BACKGROUND[1]

---

[1] Respondents' Statement of Uncontested Facts ("SUF"), Dkt. 97-1; Petitioner's Opposing Statement of Material Facts ("OSF") Dkt. 113-1.

Except where otherwise noted, the following facts are drawn from the parties' Local Rule 56[2] submissions and presented in the light most favorable to the non-moving party.

In April 1998, Atiles was convicted of first degree murder, auto theft, possessing a firearm without a license, and bearing or using a weapon without a license. Dkt. 2 at 4. The court sentenced him to 144 years of imprisonment. Atiles appealed his conviction in the Puerto Rico Court of Appeals, which affirmed the lower court's judgment on March 9, 1999. Dkt. 97-2. Atiles received notice of the judgment on March 15. Dkt. 97 at 18. The appellate opinion reviewed the record and found that Atiles's arrest was constitutional and that the jury properly found him guilty beyond a reasonable doubt. SUF ¶ 25 (citing Dkt. 97-2 at 17).

Atiles filed a pro se Rule 192.1 petition in 2000 and again in 2003.[3] SUF ¶¶ 6, 9 (citing Dkt. 102-1, 102-3). The first motion cited illegal arrest, false testimony, false witnesses, and fabrication of the case against him as grounds for the motion. Dkt. 102-1. The Court of First Instance dismissed the motion because "[t]he arguments made by the petitioner essentially coincide[d] with those alleged in the appeal which affirmed the judgment in the present case." Dkt. 102-2. Atiles did not appeal but filed a second pro se

---

[2] Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are both uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, also with record support, paragraph by paragraph. *Id.* at 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). When the moving party replies to the opposition to a motion for summary judgment, that reply must include a statement of material facts limited to those submitted by the opposing party. D.P.R. Civ. R. 56(d). Like the party's initial statement, this reply must "admit, deny, or qualify those additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts." *Id.* While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

[3] Atiles alleges in passing that he filed a third Rule 192.1 motion, but there are no facts in the record that support the existence of this third motion. Dkt. 113 at 3; *see generally* OSF. Furthermore, Atiles states that it was denied and that he did not appeal. *Id.*

Rule 192.1 motion two years later. OSF ¶ 7; SUF ¶ 33. That motion cited ineffective assistance of counsel on appeal. Dkt.102-3; *see generally* Dkt. 59. The Court of First Instance denied the second motion without providing a reason. Dkt. 102-4. Atiles again did not appeal. OSF ¶ 13; SUF ¶ 33.

Instead, Atiles filed a petition for federal writ of habeas corpus in October 2011. SUF ¶ 31 (citing Dkt. 15). The petition raised the same arguments as his second Rule 192.1 motion: illegal arrest and inadequate assistance of counsel on appeal.[4] Dkt. 15. The court dismissed his petition on jurisdictional grounds because Atiles had not exhausted his state court remedies and thus was ineligible to apply for a federal writ of habeas corpus under 28 U.S.C. § 2254. *Atiles-Gabriel v. Pagan-Monje*, 2013 U.S. Dist. LEXIS 136904, *1 (D.P.R. 2013).

In August 2015, Atiles filed his second federal petition for habeas corpus, which is at issue in this case. Dkt. 2. His initial petition incorporates the same complaints made in his prior Rule 192.1 submissions and first habeas petition. *Id.* The grounds stated were: (1) false testimony, false witnesses, and fabrication of the case against him; (2) illegal arrest; (3) ineffective assistance of counsel on appeal; and (4) denial of the right to appeal. *Id.* The Amended Complaint stated new grounds. Dkt. 59 at 12–30. The new grounds supporting the petition for habeas corpus are: (1) trial counsel's failure to impeach purported eyewitness or offer expert testimony on the perils of such testimony; (2) trial counsel's

---

[4] Atiles argued in his first petition for a federal writ of habeas corpus that trial counsel was ineffective solely because she transferred the case to another attorney to handle the appeal. Dkt. 102-3. Atiles did not fault her assistance before or during trial. He stated: "this motion is filed in light of the refusal by [trial counsel] when she abruptly abandoned Legal Aid in order to open a private office, despite having in her hands a client to represent and to whom she had committed herself on April 2, 1998 during the arraignment in front of an Hon. Judge to follow said case in appeal, suddenly abandoned legal aid and without taking her client into account, she transferred the captioned case to [appellate counsel] of the legal aid appeals division . . . ." *Id.* at 1. Atiles also stated that "[trial counsel] did not provide [appellate counsel] the necessary information about the case for her to defend Mr. Atiles." *Id.* at 3. Atiles conceded, however, that "in the final report [trial counsel] covered the entire sense of the case and it is shown that she had the knowledge and the ability to represent and prepare the appeal proceedings." *Id.* Atiles's complaints as to trial counsel's assistance at trial were made for the first time in the Amended Complaint. *See* Dkt. 59.

failure to structure arguments to suppress the out-of-court identifications; (3) trial counsel's interference with Mr. Atiles-Gabriel's right to testify; (4) trial counsel's failure to conduct a proper pretrial investigation or call exculpatory witnesses at trial; (5) trial counsel's failure to structure argument to suppress his statements; and (6) trial counsel's failure to request a jury instruction on the dangers of eyewitness testimony and on motive. *Id.* An amended complaint supersedes the original, so the court focuses on these grounds and ignores those stated in the initial complaint. *See Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4 (2009) (citing 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1476 (2d ed. 1990)).

## DISCUSSION

As a preliminary matter, Respondents assert that Atiles's Rule 56 submission does not comply with his duty to admit, deny, or qualify Respondents' stated facts with citations to the record. D.P.R. Civ. R. 56(c), (e). Respondents are correct that Atiles offered only general responses. OSF ¶¶ 1–13. "[M]ere allegations or general denials are insufficient to oppose a motion for summary judgment." *Brown v. Latin Am. Music Co.*, 498 F.3d 18, 21–22 (1st Cir. 2007). The nonmovant "must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248. The non-moving party cannot overcome a properly supported motion for summary judgment without offering "'any significant probative evidence tending to support the complaint.'" *Liberty Lobby*, 477 U.S. at 249 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, a habeas petitioner generally must exhaust the remedies available in the state court "before seeking relief on a given claim in federal court." *Jaynes v. Mitchell*, 824 F.3d 187, 192 (1st Cir. 2016). "[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). Remedies are considered not exhausted if the petitioner "has the

right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). An application for a writ of habeas corpus may not be granted unless "the applicant has exhausted the remedies available in the courts of the State" or the State's own corrective process is either unavailable or "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The burden to prove exhaustion lies with the petitioner. 28 U.S.C. § 2254(b); *Camacho v. Puerto Rico*, 343 F. Supp. 2d 63, 65 (D.P.R. 2004); *see also Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

In Puerto Rico, a petitioner can use either of two tracks to seek post-conviction relief. The petitioner may file a Rule 192.1 motion requesting the trial court to vacate, set aside, or correct its judgment, 34 L.P.R.A. Ap. II R. 192.1, or the petitioner may request a writ of habeas corpus pursuant to the Puerto Rico Code of Criminal Procedure. 34 L.P.R.A. §§ 1741–43. In either case, the petitioner must appeal a lower court denial to the Court of Appeals, and file a writ of certiorari to the Supreme Court in the case of an appellate denial. 34 L.P.R.A. § 1779. Only when that writ has been denied has the petitioner exhausted his remedies and become eligible to file a habeas petition in federal court. 28 U.S.C. § 2254(b)(1).

The parties agree that Atiles did not appeal the Rule 192.1 denials. OSF ¶¶ 7, 13; SUF ¶ 33. Atiles states that the failure to appeal is immaterial, but this fundamentally misunderstands the role summary judgment plays in litigation. OSF ¶¶ 7, 13. A material fact is one that might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Section 2254 governs habeas relief for prisoners in state custody. 28 U.S.C. § 2254(a). The law precludes a federal court from granting a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at § 2254(b)(1)(A)–(B)(ii). If the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," then remedies have not been exhausted.

*Id.* at § 2254(c). Therefore, this fact it is material by definition—it determines the outcome of Atiles's petition.

The Rule 192.1 denials, as stated, were not appealed. OSF ¶¶ 7, 13; SUF ¶ 33. Moreover, the six claims stated in the instant habeas petition were not included in those Rule 192.1 motions. *See* Dkts. 102-1, 102-3. As a result, the claims have never been presented to a Puerto Rico court for consideration. Rule 192.1 states that "[g]rounds not included shall be considered to have been waived, unless the court, in consideration of a subsequent motion, determines that they could not have been reasonably filed in the original motion." 34 L.P.R.A. Ap. II R. 192.1(a)(4). Though Atiles addresses claims of exhaustion with regard to the habeas petition in general and incorporated prior arguments made in the course of this petition, he does not specifically address the question of exhaustion regarding these new claims made in the Amended Complaint. *See generally*, Dkts. 39, 76, 113.

As the non-movant, Atiles enjoys the benefit of ambiguities being construed in the light most favorable to him. *See Griggs-Ryan*, 904 F.2d at 115. But a plaintiff cannot sit passively in the face of a properly supported motion for summary judgment. *Liberty Lobby*, 477 U.S. at 256. A party opposing such a motion "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing Fed. R. Civ. Pro. 56(e)). The record is unambiguous: Atiles failed to pursue his state remedies to exhaustion. Even more troublingly, this court dismissed his first habeas petition for exactly that reason. *Atiles-Gabriel*, 2013 U.S. Dist. LEXIS 136904. In the years between that dismissal and the habeas filing in this case, Atiles did not pursue those remedies and does not offer an explanation for this lapse that might excuse it. He argues that, because the Court of Appeals "summarily dismissed" the ineffective assistance of counsel claim, "an evidentiary hearing is required to resolve the factual issues raised by the claims." Dkt. 113 at 12–13. This misconstrues the parties' burdens at this stage of proceedings.

Atiles stands before this court with six unexhausted claims that must first satisfy the requirements for a habeas petition before the court may consider them. *See* 28 U.S.C. § 2254(c). Atiles retains the right to raise these claims of ineffective counsel by a Rule 192.1 motion. As a pro se litigant, he may present a strong case as to why "they could not have been reasonably filed in the original motion." 34 L.P.R.A. Ap. II R. 192.1(a)(4). In short, the exhaustion requirement requires Atiles to present these claims to the local court, together with any arguments as to why they have not been waived, before seeking habeas relief in federal court.

Notwithstanding the above, Atiles makes two main arguments. He first asserts that his failure to exhaust remedies should be excused because alleging ineffective assistance of trial counsel opens the gateway to direct habeas relief. Dkt. 113 at 14–15. Atiles cites cases in which the Supreme Court of the United States permitted ineffective assistance of trial counsel claims to be raised at federal habeas proceedings without having raised the claim earlier; however, these cases do not apply to Atiles's situation. *See Trevino v. Thaler*, 569 U.S. 413, 416–17 (2013); *Martinez v. Ryan*, 566 U.S. 1, 17–18 (2012).

*Martinez* holds "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. In *Martinez*, the Arizona law in question precluded defendants from raising ineffective-assistance claims on direct appeal; a defendant had to raise a claim of ineffective assistance of counsel during the first state collateral review proceeding or else waived that claim. *Id.* at 16–17.

*Trevino* expanded the *Martinez* exception to apply in cases where state law permits ineffective assistance of counsel claims on direct appeal but state procedure makes it "virtually impossible" to present such a claim in anything other than a collateral review proceeding. *Trevino*, 569 U.S. at 417. This exception "applies only to States that

deliberately choose to channel claims of ineffective assistance of trial counsel into collateral proceedings." *Davila v. Davis*, 137 S. Ct. 2058, 2068 (2017) (citing *Lee v. Corsini*, 777 F.3d 46, 60–61 (1st Cir. 2015)). Atiles does not offer facts to support an analogy between the Rule 192.1 waiver and the preclusive procedures in *Martinez* and *Trevino* or why, in his case, there should be an exception. Atiles also fails to point to case law supporting the application of the *Martinez/Trevino* standard in Puerto Rico. The "settled appellate rule" is "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082.

*Martinez* is also distinguishable from the present case in one important aspect: the petitioner in *Martinez* exhausted his state court remedies. In *Martinez*, the petitioner filed a first state collateral review proceeding that did not include a claim of ineffective assistance of counsel. Such a claim was then included in a second collateral proceeding but was disallowed because it was not included in the first. *Martinez* then appealed this decision to the Arizona Court of Appeals, which affirmed the finding of procedural default, and unsuccessfully applied for certiorari to the Arizona Supreme Court. *Martinez*, 566 U.S. at 6–7.

Atiles, in sharp contrast, never raised his claims of ineffective assistance of trial counsel in a Rule 192.1 motion, nor did he appeal the denials of this other two motions. Atiles seems to believe that if he did so at this juncture, a finding of procedural default would be a foregone conclusion, overlooking that Rule 192.1—and apparently unlike Arizona's procedural default rule at issue in *Martinez*—allows the court to consider why the applicant could not have reasonably raised the claims in a previous motion. In any case, until these claims are presented and denied by the state court, and found to be procedurally defaulted, *Martinez* and *Trevino* are inapposite.

The remaining case Atiles cites, *Schlup v. Delo*, concerns hearing successive or abusive habeas claims on their merits. 513 U.S. 298, 327 (1995). "The petitioner must show

that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* "Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Citations to *Schlup* overlook the fact that the defendant in that case exhausted his state court remedies before turning to the federal courts for relief. *Schlup*, 513 U.S. at 306. Ultimately, this court does not need to reach the question of successive claims.

Atiles also argues that the law of the case doctrine precludes this court from reexamining any previous rulings. Atiles misapprehends the doctrine. It is well established that a "successor judge should respect the law of the case" and refrain from revisiting prior orders without special circumstances. *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002). Additionally, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Wallace,* 573 F.3d 82, 87–88 (1st Cir.2009) (internal quotation marks and citation omitted). Atiles invokes decisions made at the same stage. Although time has passed since the filing of those orders, they "occurred in the context of a single trial of a single case in a single court, with no intervening appeal." *Flibotte v. Penn. Truck Lines, Inc.* 131 F.3d 21, 25 (1st Cir. 1997). The district judge and the magistrate judge "play the same institutional role" in this litigation. *Id.* As a result, the doctrine does not apply.

Atiles argues that prior rulings ought to control the court's response to the instant motion for summary judgment. Dkt. 113 at 10–12. The court has denied two motions to dismiss; it currently considers a motion for summary judgment. The first motion to dismiss responded to the initial complaint and was denied without prejudice by the court. Dkt. 49. A dismissal without prejudice, however, is final only to the filing to which it responds. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). A party may revisit that claim or that issue later on in the litigation. The second ruling pertained to a motion to dismiss the Amended Complaint. Dkt. 88. That ruling, however, has no impact on

Respondents' ability to move for summary judgment. These dispositive motions have distinct burdens and play distinct roles in a proceeding. A motion to dismiss usually comes early in a proceeding and attacks the sufficiency of a claim. A motion to dismiss may be defeated by "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In contrast, a motion for summary judgment asserts that there is no genuine dispute of material fact. Moving for summary judgment requires a party to demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This requires more substantial evidence and approximates the directed verdict standard of a reasonable jury. *Liberty Lobby*, 477 U.S. at 251–252.

Finally, Atiles argues that the state record must be examined and an evidentiary hearing must be held, but he does not offer facts on the record to overcome the threshold issue of exhaustion. Dkt. 113 at 13–14. Exhaustion of state remedies protects the integrity of the federal rule and reduces friction between the state and federal court systems. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999)). Where a petitioner alleges a constitutional violation at the state level, the state courts must first have the opportunity to correct it. *Woodford*, 548 U.S. at 92. Atiles has not met his burden to prove that he has given the Puerto Rico courts the opportunity to do so. *See Camacho*, 343 F. Supp. 2d at 65. Because Atiles has not exhausted these claims, I need not reach the question of whether his petition is time-barred.

For the foregoing reasons, Respondents' motion for summary judgment is hereby **GRANTED**, and the petition is dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of September, 2018.


_S/ Bruce J. McGiverin_
BRUCE J. MCGIVERIN
United States Magistrate Judge